UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LUIS OSCAR ACOSTA BOUCOURT,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-04745-JLT-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS

(A Number: A-240-554-981)

(Doc. 1)

**7-Day Objection Period**

Petitioner Luis Oscar Acosta Boucourt ("Petitioner"), a federal immigration detainee proceeding pro se and *in forma pauperis*, initiated this action on June 22, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241, while in the custody of Immigration and Customs Enforcement ("ICE") at the Central Valley Annex facility located in McFarland, California. (Doc. 1). Respondents are: the unnamed Secretary of the Department of Homeland Security ("DHS"); unnamed Attorney General of the United States; unnamed Acting ICE Director; unnamed ICE Field Office Director, San Francisco Field Office; and the unnamed Warden, Central Valley Annex Detention Facility. *Id.* ¶¶ 13-17.

For the reasons set forth herein, the undersigned recommends that Petitioner's petition for writ of habeas corpus (Doc. 1) be granted.

///

**Background**

Petitioner is a native and citizen of Cuba who unlawfully entered the United States on October 28, 2024, at the Brownsville, Texas port of entry and was referred to secondary after verifying he was not in possession of valid documents to enter or reside in the United States. (Doc. 9-1 at 2) (February 12, 2026, Form I-213 Record of Deportable/Inadmissible Alien). Respondents do not dispute Petitioner's allegation that he was released from immigration custody and paroled into the United States on an "I-94" parole and has since applied for relief under the Cuban Adjustment Act after residing in Orlando, Florida for at least one year and a day. (Doc. 1 ¶ 23).

Petitioner alleges he has been detained by immigration authorities since February 12, 2026, following his arrest by state authorities on February 2, 2026, for criminal charges that have been dismissed. *Id.* ¶¶ 19, 23. Petitioner's Form I-213 indicates that on February 11, 2026, Petitioner was encountered by immigration authorities through a joint effort with the Orange County Jail and the ACRIME system after Petitioner was arrested by the Orange County Sheriff Office for criminal mischief/battery and a Form I-247 (Notice to Detain) was executed and served. (Doc. 9-1 at 2). On March 10, 2026, the State of Florida declined to file charges against Petitioner due to insufficient testimonial evidence. *Id.* at 6. That case has been dismissed.

Petitioner was issued a DHS Form I-862 "Notice to Appear" on March 13, 2026, to appear before an immigration judge on April 10, 2026, noting that Petitioner is an alien present in the United States who has not been admitted or paroled. *See* (Doc. 9-1 at 4). The Form I-862 provides that Petitioner was detained due to being an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act. *Id.*

The undersigned takes judicial notice that Petitioner has pending removal proceedings with an upcoming master hearing before an immigration judge scheduled for September 29, 2026.[1]

---

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Sept. 10, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein."); *Argueta v. Walgreens Co*., 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government

**Discussion**

Respondents incorrectly state that Petitioner is an "applicant for admission" who is subject to mandatory immigration detention pursuant to 8 U.S.C. § 1225(b). Since Respondents filed their response to the petitioner, the Ninth Circuit has rejected this interpretation of the Immigration and Nationality Act. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1164-65 (9th Cir. 2026). The Ninth Circuit in *Rodriguez Vazquez* held that § 1225(b)(2)(A) does not apply to noncitizens, like Petitioner, who are present in the United States without admission and were arrested in the interior of the country. *Id*. 183 F.4th at 1165 ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)").

As Respondents argue only that Petitioner was detained pursuant to § 1225(b) and have not argued that Petitioner's detention is proper under any other statute, and because the parties do not dispute that Petitioner was released from immigration custody following his parole into the United States, which necessarily required their determination that he did not then present a risk of flight or danger to the community (*see* 8 C.F.R. § 1236.1(c)(8)), Petitioner's rearrest by immigration authorities in February 2026 based on criminal charges that have been dismissed presents a procedural due process issue. *E.g*., *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting "the actions of the Government in allowing Petitioner to remain in the community for over five years strengthen Petitioner's liberty interest. Governmental actions may create a liberty interest entitled to the protections of the Due Process Clause.") (citing *Bd. of Pardons v. Allen*, 482 U.S. 369, 371 (1987)); *Ramazan M. v. Andrews*, No. 1:25-cv-01356-KES-SKO (HC), 2025 WL 3145562, at *5-6 (E.D. Cal. Nov. 10, 2025) ("Even when a statute allows the government to arrest and detain an individual, a protected liberty interest under the Due Process Clause may entitle the individual to procedural protections not found in the statute") (citing *inter alia Young v. Harper*, 520 U.S. 143, 147-49 (1997)).

Because Petitioner retains a liberty interest in his freedom from detention, the undersigned

---

agency's website).

has considered the record evidence in the context of the due process framework set forth by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976). For the reasons that follow, pursuant to that framework, the undersigned concludes that Petitioner is entitled to a post-deprivation bond hearing at which the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.

First, notwithstanding that the criminal mischief/battery charge on which Petitioner was arrested in February 2026 has been dismissed, ICE's reliance upon Petitioner's arrest in that case as a basis to detain him was "not obviously pretex[t]ual." *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035 JLT HBK, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025) ("If Respondent's view of the facts is correct, it is at least arguable that providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated his flight.") (citing cases); accord *O.A.C.C. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221, at *4-5 (E.D. Cal. Dec. 4, 2025). The arrest alone involves Petitioner's possible violation of the terms of his release on parole.

Second, Petitioner's release by immigration authorities upon their initial encounter with him nearly two years ago necessarily required them to conclude that Petitioner was neither a flight risk nor a danger to the community (*see supra*). Under these circumstances, even in the light of disputed issues of fact concerning the nature and severity of Petitioner's alleged violation of terms of his release on parole, the government should bear the burden of establishing at the bond hearing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. *E.g., Singh v. Andrews*, No. 1:25-cv-01543-DCJ-SCR, 2025 WL 3248059, at *6 (E.D. Cal. Nov. 19, 2025) (requiring government to carry burden by clear and convincing evidence, notwithstanding disputed issues of facts involving the petitioner's alleged violation of release conditions); *M.V.I. v. Andrews*, No. 1:25-cv-01440-JLT-SKO, 2025 WL 3154403, at *13-14 (E.D. Cal. Nov. 12, 2025) (same). "Doing so is logical" because "the immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk. Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *M.R.R. v. Chestnut*, No. 1:25-cv-

01517-JLT-SKO, 2025 WL 3265446, at *14 (E.D. Cal. Nov. 24, 2025) (relying on *Pinchi v. Noem*, 792 F. Supp. 3d 1025, at 1034, 1038 (N.D. Cal. 2025)); accord *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111-13 (E.D. Cal. 2025).

Accordingly, the undersigned will recommend that the petition for writ of habeas corpus be granted and that Respondents be ordered to provide Petitioner with a bond hearing.

**Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED.
2. Respondents be ORDERED to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
3. Respondents be ORDERED to provide Petitioner adequate advanced notice of the hearing at which Petitioner retains the right to be represented by counsel and be entitled to appear at the hearing.
4. Respondents be ORDERED to release Petitioner if they do not provide him with a bond hearing within 14 days.
5. The Clerk of the Court be DIRECTED to enter judgment in favor of Petitioner and close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within seven (7) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Although this objection period is shorter than provided by Local Rule, such an

adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **September 10, 2026**

UNITED STATES MAGISTRATE JUDGE